IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

TINA LOUISE GREEN,

    Plaintiff,

v.                                              CIVIL ACTION NO. 1:16-08977

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION

    This action seeks review of the final decision of the Commissioner of Social Security, who denied plaintiff's application for disability insurance benefits ("DIB"). By Standing Order, this case was referred to United States Magistrate Judge Omar J. Aboulhosn to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, under 28 U.S.C. § 636(b)(1)(B). (Doc. No. 4). On March 30, 2017, Magistrate Judge Aboulhosn issued Proposed Findings & Recommendation ("PF&R"), recommending that the court deny Plaintiff's Motion for Summary Judgment, grant Defendant's Motion for Judgment on the Pleadings, and dismiss this case with prejudice. (Doc. No. 22).

    Under 28 U.S.C. § 636(b)(1)(B), the parties had fourteen days, plus three mailing days, from the date of the filing of the PF&R to file objections.

1

On April 17, 2017, plaintiff timely filed objections to the PF&R (Doc. No. 23). The Government responded three days later. (Doc. No. 24).

## I. Background

Plaintiff, Tina Louise Green, through counsel, filed the instant DIB application on September 28, 2012, under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. The Social Security Administration ("SSA") initially denied plaintiff's application and again upon reconsideration. (Tr. at 98-108). Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ") held on January 9, 2015 before the Honorable Benjamin McMillion. (Tr. at 34-63). The ALJ determined that plaintiff was not entitled to disability benefits in a decision dated April 9, 2015. (Tr. at 14-33).

Plaintiff filed a request for review by the Appeals Council and submitted new evidence in support of her claim, which was incorporated into the administrative record. (Tr. at 9, 303-307). On July 20, 2016, the Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (Tr. at 1–5).

Plaintiff timely filed the present civil action seeking judicial review under 42 U.S.C. § 405(g) on September 19, 2016. (Doc. No. 2). On March 30, 2017, the PF&R recommended that the court deny Plaintiff's Motion for Summary Judgment, grant

Defendant's Motion for Judgment on the Pleadings, and dismiss this case with prejudice.

A detailed factual description of plaintiff's ailments and alleged disability can be found in the PF&R (Doc. No. 22 at 10-17) and in the ALJ's decision (Tr. at 20-26).  These descriptions adequately and faithfully summarize the factual information in the entire record, making it unnecessary to detail the medical evidence once more.  Therefore, this opinion will only describe the facts as necessary to address plaintiff's specific objections.

**II. Standard of Review**

Pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure, the district court reviews de novo any part of a magistrate judge's disposition to which a party has properly filed an objection.  However, this court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge regarding those portions of the findings or recommendations to which the parties have addressed no objections.  Thomas v. Arn, 474 U.S. 140, 150 (1985).

The court's review concerns only whether substantial evidence supports the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Social Security Act.  If such substantial

evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Supposing error by the Commissioner, this court need not reverse a decision "where the alleged error clearly had no bearing on the procedure used or the substance of the decision reached by the ALJ." Ngarurih v. Ashcroft, 371 F.3d 182, 190 n. 8 (4th Cir. 2004).

### III. **Plaintiff's Objections**

Plaintiff contends that the March 30, 2017 PF&R issued by Magistrate Judge Aboulhosn:

(1) Failed to review and consider the MRI study dated September 29, 2014 regarding plaintiff's orthopedic condition;

(2) Inadequately considers plaintiff's complaints and testimony;

4

(3) Discounts the opinions of plaintiff's treating physician, instead placing greater weight on the opinions of non-examining State agency consultants;

(4) Identifies jobs that do not properly correspond with plaintiff's physical limitations nor to the hypothetical question posed by the vocational expert; and

(5) Improperly emphasizes plaintiff's part-time work as conclusory of plaintiff's lack of disability without referencing her limitations in these vocations.

See Doc. No. 24.

Notably, plaintiff makes no legal arguments in her objections and cites no case law, instead challenging the factual determinations made by both the magistrate judge and the ALJ. Moreover, as the Government's response properly asserts, plaintiff's objections "consist entirely of arguments raised in her opening brief" before Judge Aboulhosn. Compare Doc. No.23 with Doc. No. 18; see also Doc. No. 24.

Nevertheless, the court briefly addresses each of plaintiff's objections in turn.

First, the court considers the ALJ's failure to include the September 2014 MRI study conducted by Dr. Harold Cofer on plaintiff's lumbar spine in its opinion. (Doc. No. 23 at 1-2). Indeed, the ALJ's opinion does not expressly mention this MRI.

Nevertheless, the PF&R concluded that such an omission constituted harmless error against the dearth of other evidence included in the ALJ's opinion. (Doc. 22 at 24-25). After reviewing the weight of objective evidence included within the ALJ's opinion, (Tr. 23, 310, 368, 474, 601, etc.), the court agrees that no prejudice was created by this omission. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

Second, plaintiff contends that her personal complaints and testimony were not adequately considered, alleging her limitations are not consistent with the work for which the ALJ deemed she is capable. (Doc. No. 23 at 2). However, the Code of Federal Regulations requires only an analysis of plaintiff's physical capabilities as plaintiff's "residual functional capacity is the most that you can still do despite your limitations" in light of all relevant evidence. See 20 C.F.R. § 404.1545(a)(1)(emphasis in original). Plaintiff asks this court – as it did before the magistrate judge – to reweigh all conflicting evidence in this regard. (Doc. 22 at 26). This court refuses to do so and, instead, finds determining the Commissioner's conclusions were rational and supported by substantial evidence. See Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

Third, plaintiff continues to contend that the ALJ favored non-examining State physicians over her treating physician.

6

Courts typically "accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005)(quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)).  However, "the ALJ holds discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)(per curiam).  The ALJ concluded the conclusions of plaintiff's doctor were entitled to "little weight" and properly justified this departure from the norm. (Tr. at 25, 45).

Fourth, plaintiff objects to the ALJ's identification of jobs available to plaintiff as well as the hypothetical question delivered to the vocational expert.  Plaintiff again requests that this court weigh the conflicting evidence in the first instance. This is not the court's role on review; rather the court determines whether the Commissioner's conclusions were rational and supported by substantial evidence.  See Oppenheim, 495 F.2d at 397.  Moreover, claimant bears "the risk of nonpersuasion" yet fails to object with a specific rebuttal to the testimony of the vocational expert. Seacrist v. Weinberger, 538 F.2d 1054, 1057 (4th Cir. 1976).

Fifth and finally, plaintiff objects that the ALJ conducted an incomplete assessment of plaintiff's work activities without considering her limitations in doing such work. Notwithstanding, the conflicting evidence in this regard, the court concludes that the Commissioner's conclusion that plaintiff retained the residual functional capacity to perform light work is supported by substantial evidence. See Oppenheim, 495 F.2d at 397.

**Conclusion**

Plaintiff suffers from osteoarthritis, neuropathy, type 2 diabetes, depression, and anxiety. However, to receive disability benefits, an individual must be unable to engage in any substantial gainful activity due to his or her impairments. 42 U.S.C. § 423(d)(1)(A). The ALJ concluded that plaintiff's impairments do not prevent her from performing light work. Despite plaintiff's specific objections, substantial evidence in the record supports this conclusion. As a result, this court must affirm the final decision of the Commissioner that plaintiff is not entitled to disability benefits.

Accordingly, for the reasons set forth above, the court **OVERRULES** the plaintiff's objections to Magistrate Judge Aboulhosn's PF&R. The court adopts the factual and legal analysis contained within the PF&R to the extent that it is not inconsistent with this Memorandum Opinion, **DENIES** Plaintiff's

Motion for Summary Judgment (Doc. No. 17), **GRANTS** Defendant's Motion for Judgment on the Pleadings (Doc. No. 21), **AFFIRMS** the final decision of the Commissioner, and **DISMISSES** this matter from the court's active docket.

    The Clerk is directed to forward a copy of this Memorandum Opinion to counsel of record.

    **IT IS SO ORDERED** on this 14th day of September, 2017.

                                    ENTER:

                                    David A. Faber
                                    Senior United States District Judge